UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA R. PETERSON,<br>　　　　Plaintiff,<br>　v.<br>FCI-DUBLIN, et al.,<br>　　　　Defendants. | Case No. 19-cv-01447-WHO (PR)<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK**<br><br>Dkt. Nos. 2 and 8 |

## INTRODUCTION

Plaintiff Victoria Peterson has stated claims against two persons at FCI-Dublin. The Court directs defendants to file in response to the complaint a dispositive motion, or notice regarding such motion, on or before **August 1, 2019**. The Court further directs that defendants comply with the notice provisions detailed in Section 10 of the conclusion of this order.

In a separate order, the Court will ask the Federal Pro Bono Project to find counsel for Peterson. If suitable counsel is found, the Court will issue an order officially appointing that person as counsel.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed.

*See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

## B. Legal Claims

Peterson, a federal prisoner, alleges that while she was housed at FCI-Dublin Officer William Martinez "abused his power of authority [by] using excessive force to have sex with me."[1] (Compl., Dkt. No. 1 at 3.) She also alleges her due process rights were violated by the warden, Wiley Jenkins, for failing to take disciplinary action against Martinez, who remains employed at FCI-Dublin. Peterson also raises a tort claim against Martinez.

"[V]ictims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980) (citing *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 396 (1971)). The Supreme Court has recognized a *Bivens* claim in only three cases: *Bivens* (Fourth Amendment claims of unreasonable search and seizure); *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (Fifth Amendment Due Process Clause claims of gender discrimination); and *Carlson v. Green*, 446 U.S. 14, 17-19 (1980) (Eighth Amendment claims of inadequate

---

[1] Peterson is now housed at FCI-Aliceville in Alabama.

2

medical treatment). "These three cases — *Bivens*, *Davis*, and *Carlson* — represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017). The Supreme Court has made clear that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity," and will not be available if there are "'special factors' counseling hesitation in the absence of affirmative action by Congress," *id.* at 1848 (citation omitted).

When the allegations are liberally construed, Peterson has stated an Eighth Amendment and a tort claim against Martinez and a due process claim against Jenkins. The tort claim shall proceed under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680.

The claims against FCI-Dublin are DISMISSED without leave to amend. *Thomas-Lazear v. F.B.I.*, 851 F.2d 1202, 1207 (9th Cir. 1988) (*Bivens* remedy exists against individual officials only).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter (Dkt. No. 1), all attachments thereto, and a copy of this order upon William Martinez and Wiley Jenkins at FCI-Dublin.

2. On or before **August 1, 2019**, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

3

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

4. Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendants shall provide the following notice to plaintiff when they file and serve any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

11. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12. Peterson's motion to proceed *in forma pauperis* is DENIED as moot, the filing fee having been paid. (Dkt. Nos. 2 and 8.)

13. The Clerk shall terminate Dkt. Nos. 2 and 8.

14. The claims against FCI-Dublin are DISMISSED. The Clerk shall terminate FCI-Dublin as a defendant.

**IT IS SO ORDERED.**

**Dated:** May 2, 2019



WILLIAM H. ORRICK
United States District Judge