DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
CHRISTOPHER F. JEU (CABN 247865)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6985
FAX: (415) 436-6748
Email: Christopher.Jeu@usdoj.gov

Attorneys for Defendants
United States of America and
Lieutenant Stephen Putnam

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VICTORIA PETERSON, | Case No. 19-cv-1447-WHO |
| Plaintiff, | **DEFENDANT UNITED STATES OF AMERICA'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT (DKT. NO. 36)** |
| v. | |
| WILLIAM MARTINEZ, *et al.*, | |
| Defendants. | |

Defendant United States of America ("Defendant") submits its Answer to the Amended Complaint, Dkt. No. 36.

**INTRODUCTION**

1.     In response to Paragraph 1, Defendant admits that William Martinez ("Mr. Martinez") was a maintenance employee at FCI Dublin, and that Plaintiff was an inmate at FCI Dublin. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations against Mr. Martinez, and therefore denies them. Defendant denies the remaining allegations set forth in Paragraph 1.

2.     The allegations in Paragraph 2 constitute conclusions of law to which no response

UNITED STATES OF AMERICA'S ANSWER TO PL.'S AM. COMPL.
CASE NO. 19-CV-1447 WHO                    1

is required.

3.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies them.

4.     Defendant denies the allegations set forth in Paragraph 4.

5.     Defendant denies the allegations set forth in Paragraph 5.

6.     Defendant denies the allegations set forth in Paragraph 6.

7.     Defendant denies the allegations set forth in Paragraph 7.

8.     Defendant denies the allegations set forth in Paragraph 8.

9.     In response to Paragraph 9, Defendant denies that Plaintiff was unlawfully confined. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and therefore denies them.

10.    In response to Paragraph 10, Defendant admits that Plaintiff was transferred to Santa Rita Jail in Alameda County, California.  Defendant denies the remaining allegations set forth in Paragraph 10.

11.    In response to Paragraph 11, Defendant denies that FCI personnel retaliated against Plaintiff.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and therefore denies them.

12.    Paragraph 12 recites Plaintiff's characterization of her claims, which does not require a response.

13.    Paragraph 13 recites Plaintiff's request for relief, which does not require a response.  To the extent that a response is required, Defendant denies that Plaintiff's requested relief, which includes punitive damages, is permitted under the Federal Tort Claims Act.

**JURISDICTION AND VENUE**

14.    The allegations in Paragraph 14 are jurisdictional conclusions that do not require a response.  To the extent that a response is required, Defendant admits that United States district courts have jurisdiction over properly presented Federal Tort Claims Act causes of action.  Defendant denies that Plaintiff exhausted her FTCA claims before filing suit.  Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, and therefore denies them.

15.     In response to Paragraph 15, Defendant admits that the Court has personal jurisdiction over Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and therefore denies them.

16.     In response to Paragraph 16, Defendant admits that venue is proper in the Northern District of California.   Defendant denies that all of actions described in Plaintiff's operative complaint took place at FCI Dublin.

### INTRADISTRICT ASSIGNMENT

17.     The allegations in Paragraph 17 constitute conclusions of law to which no response is required.  To the extent that a response is required, Defendant admits FCI Dublin is located in Alameda County; and that Civil L.R.3-2 permits assignment of civil actions arising in Alameda County to be assigned to the San Francisco Division.

### PARTIES

18.     In response to Paragraph 18, Defendant admits that Plaintiff Victoria Peterson was an inmate at FCI Dublin, Santa Rita Jail, and FCI Aliceville.  Defendant further admits that FCI Dublin is located in Dublin, California.  Defendant also admits that Plaintiff completed her sentence and was released from custody.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and therefore denies them.

19.     In response to Paragraph 19, Defendant admits that Mr. Martinez worked in maintenance at FCI Dublin for the Bureau of Prisons.  Defendant admits that the Court found that Mr. Martinez was not acting within the scope of his official employment.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore denies them.

20.     In response to Paragraph 20, Defendant admits that Joel Eddings ("Mr. Eddings") worked in maintenance at FCI Dublin for the Bureau of Prisons.  Defendant admits that Mr. Eddings was acting within the scope of his official employment.  Defendant lacks knowledge or information sufficient to

UNITED STATES OF AMERICA'S ANSWER TO PL.'S AM. COMPL.
CASE NO. 19-CV-1447 WHO                        3

form a belief as to the truth of the remaining allegations in Paragraph 20, and therefore denies them.

21.    In response to Paragraph 21, Defendant admits that Bruce West ("Mr. West") worked in maintenance at FCI Dublin for the Bureau of Prisons.  Defendant admits that Mr. West was acting within the scope of his official employment.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and therefore denies them.

22.    In response to Paragraph 22, Defendant admits that Lieutenant Stephen Putnam ("Lieutenant Putnam"), a Special Investigative Supervisor, worked as an investigator at FCI Dublin for the Bureau of Prisons.  Defendant admits that Lieutenant Putnam's responsibilities included investigating PREA issues, and that he was acting within the scope of his official employment.

23.    In response to Paragraph 23, Defendant admits that Warden Charleston Iwuagwu ("Warden Iwuagwu") was a Warden of FCI Dublin for the Bureau of Prisons.  Defendant admits that Warden Iwuagwu was acting within the scope of his official employment, and that his responsibilities included PREA issues.  Defendant denies that Warden Iwuagwu is still a defendant in this case, because Plaintiff has voluntarily dismissed the claims against him.

24.    In response to Paragraph 24, Defendant admits that Warden Wiley Jenkins ("Warden Jenkins") was a Warden of FCI Dublin for the Bureau of Prisons.  Defendant admits that Warden Jenkins was acting within the scope of his official employment, and that his responsibilities included PREA issues.  Defendant denies that Warden Jenkins is still a defendant in this case, because the Court has dismissed the claims against him.

25.    In response to Paragraph 25, Defendant admits that Associate Warden Tamara Mischel ("Associate Warden Mischel") was the Associate Warden at FCI Dublin.  Defendant admits that Associate Mischel was acting within the scope of her official employment, and that her responsibilities included PREA issues.

26.    In response to Paragraph 26, Defendant admits that the United States of America's agencies include the Federal Bureau of Prisons ("BOP" or "Bureau of Prisons").  Defendant admits that the BOP's facilities include FCI Dublin and FCI Aliceville, each which is a low security federal security institution with an adjacent minimum security satellite camp.  Defendant also admits that under the

UNITED STATES OF AMERICA'S ANSWER TO PL.'S AM. COMPL.
CASE NO. 19-CV-1447 WHO                          4

Federal Tort Claims Act, the United States of America has waived sovereign immunity for certain tort claims.

## STATEMENT OF FACTS

27.     The allegations of Paragraph 27 constitute conclusions of law to which no response is required.  To the extent that a response is required, Defendant responds that the cited materials speak for themselves.

28.     The allegations of Paragraph 28 constitute conclusions of law to which no response is required.  To the extent that a response is required, Defendant responds that the cited materials speak for themselves.

29.     The allegations of Paragraph 29 constitute conclusions of law to which no response is required.  To the extent that a response is required, Defendant responds that the cited materials speak for themselves.

30.     The allegations of Paragraph 30 constitute conclusions of law to which no response is required.  To the extent that a response is required, Defendant responds that the cited materials speak for themselves.

31.     The allegations of Paragraph 31 constitute conclusions of law to which no response is required.  To the extent that a response is required, Defendant responds that the cited materials speak for themselves.

32.     The allegations of Paragraph 32 constitute conclusions of law to which no response is required.  To the extent that a response is required, Defendant responds that the cited materials speak for themselves.

33.     The allegations of Paragraph 33 constitute conclusions of law to which no response is required.  To the extent that a response is required, Defendant responds that the cited materials speak for themselves.

34.     The allegations of Paragraph 34 constitute conclusions of law to which no response is required.  To the extent that a response is required, Defendant responds that the cited materials speak for themselves.

35.    The allegations of Paragraph 35 constitute conclusions of law to which no response is required. To the extent that a response is required, Defendant responds that the cited materials speak for themselves.

36.    The allegations of Paragraph 36 constitute conclusions of law to which no response is required. To the extent that a response is required, Defendant responds that the cited materials speak for themselves.

37.    The allegations of Paragraph 37 constitute conclusions of law to which no response is required. To the extent that a response is required, Defendant responds that the cited materials speak for themselves.

38.    The allegations of Paragraph 38 constitute conclusions of law to which no response is required. To the extent that a response is required, Defendant responds that the cited materials speak for themselves.

39.    The allegations of Paragraph 39 constitute conclusions of law to which no response is required. To the extent that a response is required, Defendant responds that the cited materials speak for themselves.

40.    The allegations of Paragraph 40 constitute conclusions of law to which no response is required. To the extent that a response is required, Defendant responds that the cited materials speak for themselves.

41.    Defendant denies the allegations set forth in Paragraph 41.

42.    In response to Paragraph 42, Defendant admits that during the course of her sentence, Plaintiff was assigned to FCI Dublin's satellite camp. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42, and therefore denies them.

43.    In response to Paragraph 43, Defendant denies that Plaintiff was a model prisoner. Defendant admits that Plaintiff participated in education and work assignments. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43, and therefore denies them.

44.    In response to Paragraph 44, Defendant admits that Plaintiff participated in education and work assignments.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44, and therefore denies them.

45.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies them.

46.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore denies them.

47.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies them.

48.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and therefore denies them.

49.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore denies them.

50.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore denies them.

51.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore denies them.

52.    Defendant denies the allegations in Paragraph 52.

53.    Defendant denies the allegations in Paragraph 53.

54.    Defendant denies the allegations in Paragraph 54.

55.    Defendant denies the allegations in Paragraph 55.

56.    Defendant denies the allegations in Paragraph 56.

57.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and therefore denies them.

58.    Defendant denies the allegations in Paragraph 58.

59.    In response to Paragraph 59, Defendant admits that in about September 2017, Mr. Eddings and Mr. West each provided FCI Dublin a memorandum regarding Mr. Martinez and Ms.

UNITED STATES OF AMERICA'S ANSWER TO PL.'S AM. COMPL.
CASE NO. 19-CV-1447 WHO                7

Peterson.  Defendant admits that Lieutenant Putnam investigated potential sexual abuse by Mr. Martinez.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59, and therefore denies them.

60.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and therefore denies them.

61.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and therefore denies them.

62.   Defendant denies the allegations set forth in Paragraph 62.

63.   In response to Paragraph 63, Defendant denies that Lieutenant Putnam placed Plaintiff in solitary confinement.  Rather, Plaintiff was housed in a Special Housing Unit as a protective measure. Defendant denies the remaining allegations set forth in Paragraph 63.

64.   Defendant denies the allegations set forth in Paragraph 64.

65.   Defendant denies the allegations set forth in Paragraph 65.

66.   Defendant denies the allegations set forth in Paragraph 66.

67.   Defendant denies the allegations set forth in Paragraph 67.

68.   Defendant denies the allegations set forth in Paragraph 68.

69.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and therefore denies them.

70.   In response to Paragraph 70, Defendant admits that Plaintiff was housed in a Special Housing Unit from approximately September to December 2017.  Defendant denies the remaining allegations set forth in Paragraph 70.

71.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and therefore denies them.

72.   In response to Paragraph 72, Defendant admits that Lieutenant Putnam visited Plaintiff while she was housed in the Special Housing Unit.  Defendant denies the remaining allegations set forth in Paragraph 72.

73.   In response to Paragraph 73, Defendant admits that Lieutenant Putnam visited Plaintiff

while she was housed in the Special Housing Unit. Defendant denies the remaining allegations set forth in Paragraph 73.

74. In response to Paragraph 74, Defendant admits that Warden Jenkins became the warden of FCI Dublin after Warden Iwuagwu retired. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74, and therefore denies them.

75. Defendant denies the allegations set forth in Paragraph 75.

76. In response to Paragraph 76, Defendant denies that Plaintiff was housed in solitary confinement. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76, and therefore denies them.

77. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77, and therefore denies them.

78. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78, and therefore denies them.

79. In response to Paragraph 79, Defendant admits that on about December 22, 2017, Plaintiff reported a sexual relationship with Mr. Martinez to Lieutenant Zane Morgan. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79, and therefore denies them.

80. In response to Paragraph 80, Defendant admits that Plaintiff was transferred to Santa Rita Jail in about late December 2017. Defendant denies that Plaintiff was housed in solitary confinement.

81. In response to Paragraph 81, Defendant admits that Plaintiff was housed in Santa Rita Jail from approximately late December 2017 to February 2018. Defendant further admits that Lieutenant Putnam and an OIG Investigator interviewed Plaintiff at Santa Rita.

82. In response to Paragraph 82, Defendant admits that Plaintiff was briefly transferred to FCI Dublin, pending the transfer to FCI Aliceville. Defendant denies that Plaintiff was housed in solitary confinement.

83. In response to Paragraph 83, Defendant admits that in at least August 2017, Plaintiff was sanctioned due to contraband. Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph 83, and therefore denies them.

84. Defendant denies the allegations set forth in Paragraph 84.

85. In response to Paragraph 85, Defendant admits that Plaintiff was transferred to FCI Aliceville. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85, and therefore denies them.

86. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and therefore denies them.

87. Defendant denies the allegations set forth in Paragraph 87.

88. Defendant denies the allegations set forth in Paragraph 88.

89. In response to Paragraph 89, Defendant admits that Plaintiff was released from custody

**CLAIMS FOR RELIEF**

**CLAIM ONE**

**EIGHTH AMENDMENT, CRUEL AND UNUSUAL PUNISHMENT - SEXUAL ABUSE**

**(Against Mr. Martinez, in his individual capacity)**

90. In response to Paragraph 90, Defendant hereby incorporates its responses to Paragraphs 1-89 as if fully stated herein.

91. The allegations in Paragraph 91 recite Plaintiff's characterization of the claim, which does not require a response.

92. In response to Paragraph 92, Defendant admits that in approximately 2016 to 2017, Mr. Martinez was a federal employee of the BOP at FCI Dublin.

93. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and therefore denies them.

94. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and therefore denies them.

95. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and therefore denies them.

96. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

UNITED STATES OF AMERICA'S ANSWER TO PL.'S AM. COMPL.
CASE NO. 19-CV-1447 WHO                     10

allegations in Paragraph 96, and therefore denies them.

97.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and therefore denies them.

98.    Paragraph 98 recites Plaintiff's request for relief, which does not require a response.

## CLAIM TWO

## GENDER VIOLENCE (Cal. Civ. Code § 52.4)

## (Against Mr. Martinez, in his individual capacity)

99.    In response to Paragraph 99, Defendant hereby incorporates its responses to Paragraphs 1-98 as if fully stated herein.

100.    The allegations in Paragraph 100 recite Plaintiff's characterization of the claim, which does not require a response.

101.    The allegations in Paragraph 101 constitute conclusions of law to which no response is required.

102.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and therefore denies them.

103.    In response to Paragraph 103, Defendant admits that the Court found that Mr. Martinez was not acting within the scope of employment.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103, and therefore denies them.

104.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and therefore denies them.

105.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and therefore denies them.

106.    Paragraph 106 recites Plaintiff's request for relief, which does not require a response.

107.    Paragraph 107 recites Plaintiff's request for attorney's fees, which does not require a response.

//

//

## CLAIM THREE

## SEXUAL ASSAULT (Cal. Civ. Code § 1708.5)

## (Against Mr. Martinez, in his individual capacity)

108.    In response to Paragraph 108, Defendant hereby incorporates its responses to Paragraphs 1-107 as if fully stated herein.

109.    The allegations in Paragraph 109 recite Plaintiff's characterization of the claim, which does not require a response.

110.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110, and therefore denies them.

111.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, and therefore denies them.

112.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and therefore denies them.

113.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and therefore denies them.

114.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and therefore denies them.

115.    In response to Paragraph 115, Defendant admits that the Court found that Mr. Martinez was not acting within the scope of employment.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 115, and therefore denies them.

116.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and therefore denies them.

117.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and therefore denies them.

118.    Paragraph 118 recites Plaintiff's request for relief, which does not require a response.

//

//

## CLAIM FOUR

## BATTERY (California common law)

## (Against Mr. Martinez, in his individual capacity)

119. In response to Paragraph 119, Defendant hereby incorporates its responses to Paragraphs 1-118 as if fully stated herein.

120. The allegations in Paragraph 120 recite Plaintiff's characterization of the claim, which does not require a response.

121. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and therefore denies them.

122. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, and therefore denies them.

123. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and therefore denies them.

124. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and therefore denies them.

125. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, and therefore denies them.

126. In response to Paragraph 126, Defendant admits that the Court found that Mr. Martinez was not acting within the scope of employment. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126, and therefore denies them.

127. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and therefore denies them.

128. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and therefore denies them.

129. Paragraph 129 recites Plaintiff's request for relief, which does not require a response.

//

//

UNITED STATES OF AMERICA'S ANSWER TO PL.'S AM. COMPL.
CASE NO. 19-CV-1447 WHO                    13

## CLAIM FIVE

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (California common law)

## (Against Mr. Martinez, in his individual capacity)

130. In response to Paragraph 130, Defendant hereby incorporates its responses to Paragraphs 1-129 as if fully stated herein.

131. The allegations in Paragraph 131 recite Plaintiff's characterization of the claim, which does not require a response.

132. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, and therefore denies them.

133. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and therefore denies them.

134. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, and therefore denies them.

135. In response to Paragraph 135, Defendant admits that the Court found that Mr. Martinez was not acting within the scope of employment.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135, and therefore denies them.

136. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, and therefore denies them.

137. Paragraph 137 recites Plaintiff's request for relief, which does not require a response.

## CLAIM SIX

## NEGLIGENCE (California common law)

## (Against Mr. Martinez, in his individual capacity)

138. In response to Paragraph 138, Defendant hereby incorporates its responses to Paragraphs 1-137 as if fully stated herein.

139. The allegations in Paragraph 139 recite Plaintiff's characterization of the claim, which does not require a response.

140. The allegations in Paragraph 140 constitute conclusions of law to which no response

UNITED STATES OF AMERICA'S ANSWER TO PL.'S AM. COMPL.
CASE NO. 19-CV-1447 WHO                14

is required.

141.    The allegations in Paragraph 141 constitute conclusions of law to which no response is required.

142.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142, and therefore denies them.

143.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143, and therefore denies them.

144.    In response to Paragraph 144, Defendant admits that the Court found that Mr. Martinez was not acting within the scope of employment.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144, and therefore denies them.

145.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145, and therefore denies them.

146.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146, and therefore denies them.

147.    Paragraph 147 recites Plaintiff's request for relief, which does not require a response.

### CLAIM SEVEN

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (Cal. common law)

### (Against Mr. Martinez, in his individual capacity)

148.    In response to Paragraph 148, Defendant hereby incorporates its responses to Paragraphs 1-147 as if fully stated herein.

149.    The allegations in Paragraph 149 recite Plaintiff's characterization of the claim, which does not require a response.

150.    The allegations in Paragraph 150 constitute conclusions of law to which no response is required.

151.    The allegations in Paragraph 151 constitute conclusions of law to which no response is required.

152.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

UNITED STATES OF AMERICA'S ANSWER TO PL.'S AM. COMPL.
CASE NO. 19-CV-1447 WHO                    15

allegations in Paragraph 152, and therefore denies them.

153.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153, and therefore denies them.

154.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154, and therefore denies them.

155.    In response to Paragraph 155, Defendant admits that the Court found that Mr. Martinez was not acting within the scope of employment.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 155, and therefore denies them.

156.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156, and therefore denies them.

157.    Paragraph 157 recites Plaintiff's request for relief, which does not require a response.

## CLAIM EIGHT

## EIGHTH AMENDMENT, DELIBERATE INDIFFERENCE – FAILURE TO PROTECT

### (Against Eddings, West, and Putnam)

158.    In response to Paragraph 158, Defendant hereby incorporates its responses to Paragraphs 1-157 as if fully stated herein.

159.    The allegations in Paragraph 159 recite Plaintiff's characterization of the claim, which does not require a response.

160.    In response to Paragraph 160, Defendant admits that Messrs. Eddings, West, and Putnam were federal employees acting within the scope of employment.

161.    Defendant denies the allegations set forth in Paragraph 161.

162.    Defendant denies the allegations set forth in Paragraph 162.

163.    Defendant denies the allegations set forth in Paragraph 163.

164.    Defendant denies the allegations set forth in Paragraph 164.

165.    Defendant denies the allegations set forth in Paragraph 165.

166.    Defendant denies the allegations set forth in Paragraph 166.

167.    Defendant denies the allegations set forth in Paragraph 167.

168. Defendant denies the allegations set forth in Paragraph 168.

169. Paragraph 169 recites Plaintiff's request for relief, which does not require a response.

## CLAIM NINE

## FIRST AMENDMENT, FREE SPEECH CLAUSE – RETALIATION

### (Against Putnam and Jenkins)

170. In response to Paragraph 170, Defendant hereby incorporates its responses to Paragraphs 1-169 as if fully stated herein.

171. The allegations in Paragraph 171 recite Plaintiff's characterization of the claim, which does not require a response.

172. In response to Paragraph 172, Defendant admits that Warden Jenkins and Lieutenant Putnam were federal employees acting within the scope of employment.

173. Defendant denies the allegations set forth in Paragraph 173.

174. The allegations in Paragraph 174 constitute conclusions of law to which no response is required.

175. Defendant denies the allegations set forth in Paragraph 175.

176. Defendant denies the allegations set forth in Paragraph 176.

177. Defendant denies the allegations set forth in Paragraph 177.

178. In response to Paragraph 178, Defendant admits that Plaintiff was transferred to FCI Aliceville.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 178, and therefore denies them.

179. Defendant denies the allegations set forth in Paragraph 179.

180. Defendant denies the allegations set forth in Paragraph 180.

181. Defendant denies the allegations set forth in Paragraph 181.

182. Defendant denies the allegations set forth in Paragraph 182.

183. Paragraph 183 recites Plaintiff's request for relief, which does not require a response.

//

//

## CLAIM TEN

## FIFTH AMENDMENT, PROCEDURAL DUE PROCESS – INADEQUATE PROCESS

## (Against Putnam, Iwuagwu, and Jenkins)

184.    In response to Paragraph 184, Defendant hereby incorporates its responses to Paragraphs 1-183 as if fully stated herein.

185.    The allegations in Paragraph 185 recite Plaintiff's characterization of the claim, which does not require a response.

186.    In response to Paragraph 186, Defendant admits that Warden Jenkins, Warden Iwuagwu, and Lieutenant Putnam were federal employees acting within the scope of employment.

187.    Defendant denies the allegations set forth in Paragraph 187.

188.    Defendant denies the allegations set forth in Paragraph 188.

189.    Defendant denies the allegations set forth in Paragraph 189.

190.    Defendant denies the allegations set forth in Paragraph 190.

191.    Defendant denies the allegations set forth in Paragraph 191.

192.    Defendant denies the allegations set forth in Paragraph 192.

193.    Defendant denies the allegations set forth in Paragraph 193.

194.    Defendant denies the allegations set forth in Paragraph 194.

195.    Defendant denies the allegations set forth in Paragraph 195.

196.    Defendant denies the allegations set forth in Paragraph 196.

197.    Defendant denies the allegations set forth in Paragraph 197.

198.    Defendant denies the allegations set forth in Paragraph 198.

199.    Defendant denies the allegations set forth in Paragraph 199.

200.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200, and therefore denies them.

201.    Defendant denies the allegations set forth in Paragraph 201.

202.    Defendant denies the allegations set forth in Paragraph 202.

203.    Defendant denies the allegations set forth in Paragraph 203.

204. Paragraph 204 recites Plaintiff's request for relief, which does not require a response.

## FEDERAL TORT CLAIMS ACT ADMINISTRATIVE EXHAUSTION

205. Paragraph 205 recites Plaintiff's characterization of her claims, which does not require a response.

206. In response to Paragraph 206, Defendant denies that Plaintiff exhausted her administrative remedies under the FTCA prior to filing suit.

207. In response to Paragraph 207, Defendant admits that Plaintiff submitted an Administrative Claim in approximately May 2019; and that the Agency received the Administrative Claim on May 7, 2019. Plaintiff's Administrative Claim speaks for itself.

208. In response to Paragraph 208, Defendant admits that Plaintiff submitted a copy of an Administrative Claim as Exhibit A to the First Amended Complaint.

209. Defendant admits the allegations set forth in Paragraph 209.

210. Paragraph 210 constitutes conclusions of law to which no response is required.

## CLAIM ELEVEN

## NEGLIGENCE (FTCA)

## (Against the United States)

211. In response to Paragraph 211, Defendant hereby incorporates its responses to Paragraphs 1-210 as if fully stated herein.

212. The allegations in Paragraph 212 recite Plaintiff's characterization of the claim, which does not require a response.

213. In response to Paragraph 213, Defendant admits that Plaintiff was an inmate in the custody of BOP, including at FCI Dublin and FCI Aliceville.

214. The allegations of Paragraph 214 constitute conclusions of law to which no response is required.

215. The allegations of Paragraph 215 constitute conclusions of law to which no response is required.

216. The allegations of Paragraph 216 constitute conclusions of law to which no response

is required.

217.    The allegations of Paragraph 217 constitute conclusions of law to which no response is required.

218.    The allegations of Paragraph 218 constitute conclusions of law to which no response is required.

219.    Defendant denies the allegations set forth in Paragraph 219.

220.    Defendant denies the allegations set forth in Paragraph 220.

221.    Defendant denies the allegations set forth in Paragraph 221.

222.    Defendant denies the allegations set forth in Paragraph 222.

223.    Defendant denies the allegations set forth in Paragraph 223.

224.    Defendant denies the allegations set forth in Paragraph 224.

225.    Defendant denies the allegations set forth in Paragraph 225.

226.    Defendant denies the allegations set forth in Paragraph 226.

227.    Defendant denies the allegations set forth in Paragraph 227.

228.    Defendant denies the allegations set forth in Paragraph 228.

229.    Paragraph 229 recites Plaintiff's request for relief, which does not require a response.

## CLAIM TWELVE

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (FTCA)

## (Against the United States)

230.    In response to Paragraph 230, Defendant hereby incorporates its responses to Paragraphs 1-229 as if fully stated herein.

231.    The allegations in Paragraph 231 recite Plaintiff's characterization of the claim, which does not require a response.

232.    In response to Paragraph 232, Defendant admits that Plaintiff was an inmate in the custody of BOP, including at FCI Dublin and FCI Aliceville.

233.    The allegations of Paragraph 233 constitute conclusions of law to which no response is required.

UNITED STATES OF AMERICA'S ANSWER TO PL.'S AM. COMPL.
CASE NO. 19-CV-1447 WHO                    20

234.   Defendant denies the allegations set forth in Paragraph 234.

235.   Defendant denies the allegations set forth in Paragraph 235.

236.   Defendant denies the allegations set forth in Paragraph 236.

237.   Defendant denies the allegations set forth in Paragraph 237.

238.   Defendant denies the allegations set forth in Paragraph 238.

239.   Defendant denies the allegations set forth in Paragraph 239.

240.   Defendant denies the allegations set forth in Paragraph 240.

241.   Defendant denies the allegations set forth in Paragraph 241.

242.   Defendant denies the allegations set forth in Paragraph 242.

243.   Defendant denies the allegations set forth in Paragraph 243.

244.   Defendant denies the allegations set forth in Paragraph 244.

245.   Defendant denies the allegations set forth in Paragraph 245.

246.   Paragraph 246 recites Plaintiff's request for relief, which does not require a response.

## CLAIM THIRTEEN

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (FTCA)

### (Against the United States)

247.   In response to Paragraph 247, Defendant hereby incorporates its responses to Paragraphs 1-246 as if fully stated herein.

248.   The allegations in Paragraph 248 recite Plaintiff's characterization of the claim, which does not require a response.

249.   In response to Paragraph 249, Defendant admits that Plaintiff was an inmate in the custody of BOP, including at FCI Dublin and FCI Aliceville.

250.   Defendant denies the allegations set forth in Paragraph 250.

251.   Defendant denies the allegations set forth in Paragraph 251

252.   Defendant denies the allegations set forth in Paragraph 252.

253.   Defendant denies the allegations set forth in Paragraph 253.

254.   Defendant denies the allegations set forth in Paragraph 254.

255.    Defendant denies the allegations set forth in Paragraph 255.

256.    Defendant denies the allegations set forth in Paragraph 256.

257.    Defendant denies the allegations set forth in Paragraph 257.

258.    Defendant denies the allegations set forth in Paragraph 258.

259.    Defendant denies the allegations set forth in Paragraph 259.

260.    Defendant denies the allegations set forth in Paragraph 260.

261.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 261, and therefore denies them.

262.    Paragraph 262 recites Plaintiff's request for relief, which does not require a response.

263.    Any and all allegations not specifically responded to above are denied.

## DEMAND FOR JURY TRIAL

264.    In response to Plaintiff's demand for a jury trial, Defendant responds that under the Federal Tort Claims Act, Plaintiff does not have the right to a jury trial.

## PRAYER FOR RELIEF

265.    In response to Plaintiff's Prayer for Relief, Defendant responds that under the Federal Tort Claims Act, Plaintiff does not have the right to all requested relief, including punitive damages.

## AFFIRMATIVE DEFENSES

In further answer to the Amended Complaint and as separate and distinct defenses to Plaintiff's claims set forth in the Amended Complaint, Defendant alleges the following affirmative defenses:

1.    Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2.    The Court does not have subject matter jurisdiction over Plaintiff's claims.

3.    Plaintiff failed to exhaust all administrative remedies as required by the Prison Litigation Reform Act and/or the Federal Tort Claims Act.

4.    Plaintiff asserted claims that are barred by the Federal Tort Claims Act's discretionary function exception.

5.    Plaintiffs' recovery is barred or limited by the provisions of California law on comparative negligence, and Plaintiffs' damages, if any, shall be barred or reduced by said percentage

UNITED STATES OF AMERICA'S ANSWER TO PL.'S AM. COMPL.
CASE NO. 19-CV-1447 WHO                    22

of fault.

6.     The injuries and harm alleged by Plaintiff in the complaint were not proximately caused by the negligent or wrongful acts or omissions of an agent or employee of the United States acting within the scope of employment.

7.     If Plaintiff sustained or suffered any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the conduct, acts, omissions, activities, carelessness, recklessness, negligence and/or intentional misconduct of Plaintiff and/or others, and not by Defendant.

8.     Plaintiff's damages, if any, are limited to the amount of the sum certain demanded in the Administrative Claim.

9.     Plaintiff's claims for relief and damages are limited by and subject the limits of the Federal Tort Claims Act, including its proscription against prejudgment interest and punitive damages, and its limits on attorney's fees.

10.     Under the Federal Tort Claims Act, Plaintiff is not entitled to a jury trial.

11.     Plaintiffs' *Bivens* claims against Defendants are barred by the qualified immunity defense.

12.     Defendant contests the extent of Plaintiff's claimed injuries and the amount and/or necessity of any claim of damages for which Plaintiff seeks relief, whatever they may be, as well as Plaintiff's assertion that said injuries and/or residual effects were caused by the incidents referenced in Plaintiff's Amended Complaint.

13.     The acts of agents or employees of the United States acting within the scope of employment were justified.

14.     One or more defendants acted in defense of Plaintiff or others.

15.     Plaintiff has failed, in whole or in part, to mitigate her alleged damages.

16.     Plaintiff's damages, if any, must be reduced by any collateral source as permitted by law.

17.     Plaintiff is barred from bringing any claim that falls outside the applicable statute of limitations.

UNITED STATES OF AMERICA'S ANSWER TO PL.'S AM. COMPL.
CASE NO. 19-CV-1447 WHO                    23

Defendant reserves the right to amend its answer with additional defenses of which it may become aware as investigation and discovery progress and to raise any other matter constituting an avoidance or affirmative defense.

WHEREFORE, having fully answered all counts of the complaint, Defendant prays that Plaintiff take nothing by way of her complaint against it, that the same be dismissed with prejudice, and that judgment be awarded in favor of Defendant, together with costs and such other and further relief as the Court deems just and proper.

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

Dated: April 27, 2020          By:     */s/ Christopher F. Jeu*
                                        Christopher F. Jeu
                                        Assistant United States Attorney
                                        Attorneys for Defendant
                                        United States of America and
                                        Lieutenant Stephen Putnam