STUART C. PLUNKETT (SBN 187971)
stuart.plunkett@alston.com
TINA V. NGO (SBN 324102)
tina.ngo@alston.com
**ALSTON & BIRD LLP**
560 Mission St., Suite 2100
San Francisco, CA 94105
Telephone:  415-243-1000
Facsimile:  415-243-1001

*Counsel for Defendants*
*Joel Eddings and Bruce West*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| VICTORIA R. PETERSON,<br><br>             Plaintiff,<br><br>       v.<br><br>WILLIAM MARTINEZ, in his individual capacity, JOEL EDDINGS, in his individual capacity, BRUCE WEST, in his individual capacity, STEPHEN PUTNAM, in his individual capacity, and UNITED STATES OF AMERICA, a governmental entity,<br><br>             Defendants. | Case No. 19-cv-01447-WHO<br><br>**DEFENDANTS JOEL EDDINGS' AND BRUCE WEST'S ANSWER TO AMENDED COMPLAINT**<br><br>Hon.  William H. Orrick |

DEFENDANTS EDDINGS' AND WEST'S ANSWER TO AMENDED COMPLAINT
Case No.: 19-cv-01447-WHO

Defendants Joel Eddings and Bruce West ("Defendants"), by and through counsel, answer the Amended Complaint filed by Plaintiff Victoria Peterson ("Plaintiff") as follows:

**<u>INTRODUCTION</u>**

1.     Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 1 as to the other Defendants, and therefore deny them.  Defendants deny the remaining allegations set forth in Paragraph 1.

2.     Paragraph 2 states conclusions of law to which no response is required.

3.     Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 3, and therefore deny them.

4.     In response to Paragraph 4, Defendants admit that they were employed at FCI Dublin as general maintenance supervisors and in this role supervised up to forty inmates at a time, including Plaintiff.  Defendants deny the remaining allegations set forth in Paragraph 4.

5.     Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 5 as to the other Defendants, and therefore deny them.  Defendants deny the remaining allegations set forth in Paragraph 5.

6.     Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 6 as to the other Defendants, and therefore deny them.

7.     Paragraph 7 states conclusions of law to which no response is required.  To the extent that Paragraph 7 requires a response, Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 7 as to the other Defendants, and therefore deny them.

8.     Paragraph 8 states conclusions of law to which no response is required.  To the extent that Paragraph 8 requires a response, Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 7 as to the other Defendants, and therefore deny them.

9.     Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 9, and therefore deny them.

10. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 10, and therefore deny them.

11. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 11, and therefore deny them.

12. Paragraph 12 recites Plaintiff's characterizations of her claims, which does not require a response. To the extent that Paragraph 12 requires a response, Defendants deny the substance of Plaintiff's allegations against them.

13. Paragraph 13 recites Plaintiff's requests for relief, which does not require a response. To the extent that Paragraph 13 requires a response, Defendants deny that Plaintiff is entitled to any relief of any kind against them on the claims alleged in the Amended Complaint.

## JURISDICTION & VENUE

14. Paragraph 14 states conclusions of law to which no response is required. To the extent that Paragraph 14 requires a response, Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 14, and therefore deny them.

15. Paragraph 15 states conclusions of law to which no response is required.

16. Paragraph 16 states conclusions of law to which no response is required.

## INTRADISTRICT ASSIGNMENT

17. Paragraph 17 states conclusions of law to which no response is required.

## PARTIES

18. In response to Paragraph 18, Defendants admit that Plaintiff was an inmate at FCI Dublin in Dublin, California. Defendants lack sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 18, and therefore deny them.

19. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 19, and therefore deny them.

20. In response to Paragraph 20, Defendants admit that Joel Eddings ("Mr. Eddings") is domiciled in California. Defendants admit that during the relevant period, Mr. Eddings was employed at FCI Dublin as a general maintenance supervisor. Defendants admit that at all

relevant times, Mr. Eddings was acting within the scope of his official employment.  Defendants deny the remaining allegations in Paragraph 20.

21.     In response to Paragraph 21, Defendants admit that Bruce West ("Mr. West") is domiciled in California.  Defendants admit that during the relevant period, Mr. West was employed at FCI Dublin as a general maintenance supervisor.  Defendants admit that at all relevant times, Mr. West was acting within the scope of his official employment.  Defendants deny the remaining allegations in Paragraph 21.

22.     Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 22, and therefore deny them.

23.     Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 23, and therefore deny them.

24.     Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 24, and therefore deny them.

25.     Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 25, and therefore deny them.

26.     In response to Paragraph 26, Defendants admit that the United States is a governmental entity.  Defendants admit that the United States' agencies include the Federal Bureau of Prisons ("BOP").  Defendants lack sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 26, and therefore deny them.

**STATEMENT OF FACTS**

27.     Paragraph 27 states conclusions of law to which no response is required.  To the extent that a response is required, Defendants respond that the cited materials speak for themselves.

28.     Paragraph 28 states conclusions of law to which no response is required.  To the extent that a response is required, Defendants respond that the cited materials speak for themselves.

29.     Paragraph 29 states conclusions of law to which no response is required. To the extent that a response is required, Defendants respond that the cited materials speak for themselves.

30.     Paragraph 30 states conclusions of law to which no response is required. To the extent that a response is required, Defendants respond that the cited materials speak for themselves.

31.     Paragraph 31 states conclusions of law to which no response is required. To the extent that a response is required, Defendants respond that the cited materials speak for themselves.

32.     Paragraph 32 states conclusions of law to which no response is required. To the extent that a response is required, Defendants respond that the cited materials speak for themselves.

33.     Paragraph 33 states conclusions of law to which no response is required. To the extent that a response is required, Defendants respond that the cited materials speak for themselves.

34.     Paragraph 34 states conclusions of law to which no response is required. To the extent that a response is required, Defendants respond that the cited materials speak for themselves.

35.     Paragraph 35 states conclusions of law to which no response is required. To the extent that a response is required, Defendants respond that the cited materials speak for themselves.

36.     Paragraph 36 states conclusions of law to which no response is required. To the extent that a response is required, Defendants respond that the cited materials speak for themselves.

37.     Paragraph 37 states conclusions of law to which no response is required. To the extent that a response is required, Defendants respond that the cited materials speak for themselves.

38.    Paragraph 38 states conclusions of law to which no response is required.  To the extent that a response is required, Defendants respond that the cited materials speak for themselves.

39.    Paragraph 39 states conclusions of law to which no response is required.  To the extent that a response is required, Defendants respond that the cited materials speak for themselves.

40.    Paragraph 40 states conclusions of law to which no response is required.  To the extent that a response is required, Defendants respond that the cited materials speak for themselves.

41.    Defendants deny the allegations set forth in Paragraph 41.

42.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 42, and therefore deny them.

43.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 43, and therefore deny them.

44.    In response to Paragraph 44, Defendants admit that in their role as general maintenance supervisors at FCI Dublin, they supervised Plaintiff.  Defendants lack sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 44, and therefore deny them.

45.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 45, and therefore deny them.

46.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 46, and therefore deny them.

47.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 47, and therefore deny them.

48.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 48, and therefore deny them.

49.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 49, and therefore deny them.

50.   Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 50, and therefore deny them.

51.   Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 51, and therefore deny them.

52.   Defendants deny the allegations set forth in Paragraph 52.

53.   Defendants deny the allegations set forth in Paragraph 53.

54.   Defendants deny the allegations set forth in Paragraph 54.

55.   Defendants deny the allegations set forth in Paragraph 55.

56.   Defendants deny the allegations set forth in Paragraph 56.

57.   Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 57, and therefore deny them.

58.   Defendants deny the allegations set forth in Paragraph 58.

59.   In response to Paragraph 59, Defendants admit that in September 2017, Mr. Eddings and Mr. West each provided FCI Dublin a memorandum regarding Mr. Martinez and Plaintiff.  Defendants admit that Lieutenant Putnam's duties included investigating PREA claims at FCI Dublin.  Defendants deny the remaining allegations set forth in Paragraph 59.

60.   Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 60, and therefore deny them.

61.   Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 61, and therefore deny them.

62.   Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 62, and therefore deny them.

63.   Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 63, and therefore deny them.

64.   Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 64, and therefore deny them.

65.   Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 65, and therefore deny them.

66.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 66, and therefore deny them.

67.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 67, and therefore deny them.

68.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 68, and therefore deny them.

69.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 69, and therefore deny them.

70.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 70, and therefore deny them.

71.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 71, and therefore deny them.

72.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 72, and therefore deny them.

73.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 73, and therefore deny them.

74.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 74, and therefore deny them.

75.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 75, and therefore deny them.

76.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 76, and therefore deny them.

77.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 77, and therefore deny them.

78.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 78, and therefore deny them.

79.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 79, and therefore deny them.

80.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 80, and therefore deny them.

81.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 81, and therefore deny them.

82.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 82, and therefore deny them.

83.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 83, and therefore deny them.

84.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 84, and therefore deny them.

85.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 85, and therefore deny them.

86.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 86, and therefore deny them.

87.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 87, and therefore deny them.

88.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 88, and therefore deny them.

89.    Defendants admit the allegations contained in Paragraph 89.

**CLAIMS FOR RELIEF**

**CLAIM ONE**

**EIGHTH AMENDMENT, CRUEL AND UNUSUAL PUNISHEMENT – SEXUAL ABUSE**

**(Against Martinez, in his individual capacity)**

90.    To the extent that Paragraph 90 requires a response, Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

91.    Paragraph 91 recites Plaintiff's characterizations of her claims, which does not require a response.

92. In response to Paragraph 92, Defendants admit that during the relevant period, Mr. Martinez was an employee at FCI Dublin.

93. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 93, and therefore deny them.

94. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 94, and therefore deny them.

95. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 95, and therefore deny them.

96. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 96, and therefore deny them.

97. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 97, and therefore deny them.

98. Paragraph 98 recites Plaintiff's requests for relief, which does not require a response.

## CLAIM TWO

### GENDER VIOLENCE (Cal. Civ. Code § 52.4)

### (Against Martinez, in his individual capacity)

99. To the extent that Paragraph 99 requires a response, Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

100. Paragraph 100 recites Plaintiff's characterizations of her claims, which does not require a response.

101. Paragraph 101 states conclusions of law to which no response is required.

102. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 102, and therefore deny them.

103. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 103, and therefore deny them.

104. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 104, and therefore deny them.

105.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 105, and therefore deny them.

106.    Paragraph 106 recites Plaintiff's requests for relief, which does not require a response.

107.    Paragraph 107 recites Plaintiff's requests for attorneys' fees and costs, which does not require a response.

## CLAIM THREE

### SEXUAL ASSAULT (Cal. Civ. Code § 1708.5)

### (Against Martinez, in his individual capacity)

108.    To the extent that Paragraph 108 requires a response, Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

109.    Paragraph 109 recites Plaintiff's characterizations of her claims, which does not require a response.

110.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 110, and therefore deny them.

111.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 111, and therefore deny them.

112.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 112, and therefore deny them.

113.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 113, and therefore deny them.

114.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 114, and therefore deny them.

115.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 115, and therefore deny them.

116.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 116, and therefore deny them.

117.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 117, and therefore deny them.

118.    Paragraph 118 recites Plaintiff's requests for relief, which does not require a response.

## **CLAIM FOUR**

### **BATTERY (California common law)**

### **(Against Martinez, in his individual capacity)**

119.    To the extent that Paragraph 119 requires a response, Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

120.    Paragraph 120 recites Plaintiff's characterizations of her claims, which does not require a response.

121.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 121, and therefore deny them.

122.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 122, and therefore deny them.

123.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 123, and therefore deny them.

124.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 124, and therefore deny them.

125.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 125, and therefore deny them.

126.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 126, and therefore deny them.

127.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 127, and therefore deny them.

128.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 128, and therefore deny them.

129.    Paragraph 129 recites Plaintiff's requests for relief, which does not require a response.

## CLAIM FIVE

**INTENTIONAL INFLECTION OF EMOTIONAL DISTRESS (California common law)**

**(Against Martinez, in his individual capacity)**

130.    To the extent that Paragraph 130 requires a response, Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

131.    Paragraph 131 recites Plaintiff's characterizations of her claims, which does not require a response.

132.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 132, and therefore deny them.

133.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 133, and therefore deny them.

134.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 134, and therefore deny them.

135.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 135, and therefore deny them.

136.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 136, and therefore deny them.

137.    Paragraph 137 recites Plaintiff's requests for relief, which does not require a response.

## CLAIM SIX

**NEGLIGENCE (California common law)**

**(Against Martinez, in his individual capacity)**

138.    To the extent that Paragraph 138 requires a response, Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

139.    Paragraph 139 recites Plaintiff's characterizations of her claims, which does not require a response.

140. Paragraph 140 states conclusions of law to which no response is required.

141. Paragraph 141 states conclusions of law to which no response is required.

142. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 142, and therefore deny them.

143. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 143, and therefore deny them.

144. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 144, and therefore deny them.

145. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 145, and therefore deny them.

146. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 146, and therefore deny them.

147. Paragraph 147 recites Plaintiff's requests for relief, which does not require a response.

## CLAIM SEVEN

### NEGLIGENT INFLICTION OF EMOTIONAL DISRESS (California common law)

### (Against Martinez, in his individual capacity)

148. To the extent that Paragraph 148 requires a response, Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

149. Paragraph 149 recites Plaintiff's characterizations of her claims, which does not require a response.

150. Paragraph 150 states conclusions of law to which no response is required.

151. Paragraph 151 states conclusions of law to which no response is required.

152. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 152, and therefore deny them.

153. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 153, and therefore deny them.

DEFENDANTS EDDINGS' AND WEST'S ANSWER TO AMENDED COMPLAINT
Case: 19-cv-01447-WHO                                   -13-

154. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 154, and therefore deny them.

155. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 155, and therefore deny them.

156. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 156, and therefore deny them.

157. Paragraph 157 recites Plaintiff's requests for relief, which does not require a response.

## CLAIM EIGHT

## EIGHTH AMENDMENT, DELIBERATE INDIFFERENCE – FAILURE TO PROTEXT

### (Against Eddings, West, and Putnam, in their individual capacities)

158. To the extent that Paragraph 158 requires a response, Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

159. Paragraph 159 recites Plaintiff's characterizations of her claims, which does not require a response.

160. In response to Paragraph 160, Defendants admit that Messrs. Eddings, West, and Putnam were federal employees acting within the scope of employment.

161. Defendants deny the allegations set forth in Paragraph 161.

162. Defendants deny the allegations set forth in Paragraph 162.

163. Defendants deny the allegations set forth in Paragraph 163.

164. Defendants deny the allegations set forth in Paragraph 164.

165. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 165, and therefore deny them.

166. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 166 as to the other Defendants, and therefore deny them.  Defendants deny the remaining allegations set forth in Paragraph 166.

DEFENDANTS EDDINGS' AND WEST'S ANSWER TO AMENDED COMPLAINT
Case: 19-cv-01447-WHO                    -14-

167. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 167 as to the other Defendants, and therefore deny them. Defendants deny the remaining allegations set forth in Paragraph 167.

168. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 168 as to the other Defendants, and therefore deny them. Defendants deny the remaining allegations set forth in Paragraph 168.

169. Paragraph 169 recites Plaintiff's requests for relief, which does not require a response. To the extent that Paragraph 169 requires a response, Defendants deny that Plaintiff is entitled to any relief of any kind against them on the claims alleged in the Amended Complaint.

## CLAIM NINE

### FIRST AMENDMENT, FREE SPEECH CLAUSE – RETALIATION

### (Against Putnam and Jenkins, in their individual capacities)

170. To the extent that Paragraph 170 requires a response, Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

171. Paragraph 171 recites Plaintiff's characterizations of her claims, which does not require a response.

172. In response to Paragraph 172, Defendants admit that Warden Jenkins and Lieutenant Putnam were federal employees acting within the scope of employment.

173. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 173, and therefore deny them.

174. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 174, and therefore deny them.

175. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 175, and therefore deny them.

176. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 176, and therefore deny them.

177. Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 177, and therefore deny them.

178.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 178, and therefore deny them.

179.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 179, and therefore deny them.

180.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 180, and therefore deny them.

181.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 181, and therefore deny them.

182.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 182, and therefore deny them.

183.    Paragraph 183 recites Plaintiff's requests for relief, which does not require a response.

## CLAIM TEN

**FIFTH AMENDMENT, PROCEDURAL DUE PROCESS – INADEQUATE PROCESS**

**(Against Putnam, Iwuagwu, and Jenkins, in their individual capacities)**

184.    To the extent that Paragraph 184 requires a response, Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

185.    Paragraph 185 recites Plaintiff's characterizations of her claims, which does not require a response.

186.    In response to Paragraph 186, Defendants admit that Warden Jenkins, Warden Iwuagwu, and Lieutenant Putnam were federal employees acting within the scope of employment.

187.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 187, and therefore deny them.

188.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 188, and therefore deny them.

189.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 189, and therefore deny them.

190.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 190, and therefore deny them.

191.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 191, and therefore deny them.

192.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 192, and therefore deny them.

193.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 193, and therefore deny them.

194.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 194, and therefore deny them.

195.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 195, and therefore deny them.

196.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 196, and therefore deny them.

197.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 197, and therefore deny them.

198.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 198, and therefore deny them.

199.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 199, and therefore deny them.

200.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 200, and therefore deny them.

201.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 201, and therefore deny them.

202.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 202, and therefore deny them.

203.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 203, and therefore deny them.

204.    Paragraph 204 recites Plaintiff's requests for relief, which does not require a response.

### FEDERAL TORT CLAIMS ACT ADMINISTRATIVE EXHAUSTION

205.    Paragraph 205 recites Plaintiff's characterizations of her claims, which does not require a response.

206.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 206, and therefore deny them.

207.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 207, and therefore deny them.

208.    In response to Paragraph 208, Defendants admit that Plaintiff submitted a copy of an administrative claim as Exhibit A to the Amended Complaint.

209.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 209, and therefore deny them.

210.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 210, and therefore deny them.

### CLAIM ELEVEN

### NEGLIGENCE (FTCA, California common law)

### (Against the United States )

211.    To the extent that Paragraph 211 requires a response, Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

212.    Paragraph 212 recites Plaintiff's characterizations of her claims, which does not require a response.

213.    In response to Paragraph 213, Defendants admit that Plaintiff was an inmate at FCI Dublin in Dublin, California.  Defendants lack sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 213, and therefore deny them.

214.    Paragraph 214 states conclusions of law to which no response is required.

215.    Paragraph 215 states conclusions of law to which no response is required.

216.    Defendants deny the allegations set forth in Paragraph 216.

217.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 217, and therefore deny them.

218.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 218, and therefore deny them.

219.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 219, and therefore deny them.

220.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 220, and therefore deny them.

221.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 221, and therefore deny them.

222.    Defendants deny the allegations set forth in Paragraph 222.

223.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 223, and therefore deny them.

224.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 224 as to the other Defendants, and therefore deny them.  Defendants deny the remaining allegations set forth in Paragraph 224.

225.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 225 as to the other Defendants, and therefore deny them.  Defendants deny the remaining allegations set forth in Paragraph 225.

226.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 226, and therefore deny them.

227.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 227, and therefore deny them.

228.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 228, and therefore deny them.

229.    Paragraph 229 recites Plaintiff's requests for relief, which does not require a response.

## CLAIM TWELVE

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (FTCA)

### (Against the United States)

230.   To the extent that Paragraph 230 requires a response, Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

231.   Paragraph 231 recites Plaintiff's characterizations of her claims, which does not require a response.

232.   In response to Paragraph 232, Defendants admit that Plaintiff was an inmate at FCI Dublin in Dublin, California.  Defendants lack sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 232, and therefore deny them.

233.   Paragraph 233 states conclusions of law to which no response is required.

234.   Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 234, and therefore deny them.

235.   Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 235, and therefore deny them.

236.   Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 236, and therefore deny them.

237.   Defendants deny the allegations set forth in Paragraph 237.

238.   Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 238, and therefore deny them.

239.   Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 239 as to the other Defendants, and therefore deny them.  Defendants deny the remaining allegations set forth in Paragraph 239.

240.   Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 240 as to the other Defendants, and therefore deny them.  Defendants deny the remaining allegations set forth in Paragraph 240.

241.   Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 241, and therefore deny them.

242.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 242, and therefore deny them.

243.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 243 as to the other Defendants, and therefore deny them.  Defendants deny the remaining allegations set forth in Paragraph 243.

244.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 244, and therefore deny them.

245.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 245 as to the other Defendants, and therefore deny them.  Defendants deny the remaining allegations set forth in Paragraph 245.

246.    Paragraph 246 recites Plaintiff's requests for relief, which does not require a response.

## CLAIM THIRTEEN

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (FTCA, California law)

## (Against the United States)

247.    To the extent that Paragraph 247 requires a response, Defendants incorporate their responses to the preceding paragraphs as if fully set forth herein.

248.    Paragraph 248 recites Plaintiff's characterizations of her claims, which does not require a response.

249.    In response to Paragraph 249, Defendants admit that Plaintiff was an inmate at FCI Dublin in Dublin, California.  Defendants lack sufficient information or belief to admit or deny the remaining allegations contained in Paragraph 249, and therefore deny them.

250.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 250, and therefore deny them.

251.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 251, and therefore deny them.

252.    Defendants deny the allegations set forth in Paragraph 252.

253.    Defendants deny the allegations set forth in Paragraph 253.

254.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 254, and therefore deny them.

255.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 255, and therefore deny them.

256.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 256, and therefore deny them.

257.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 257, and therefore deny them.

258.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 258, and therefore deny them.

259.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 259, and therefore deny them.

260.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 260, and therefore deny them.

261.    Defendants lack sufficient information or belief to admit or deny the allegations contained in Paragraph 261, and therefore deny them.

262.    Paragraph 262 recites Plaintiff's requests for relief, which does not require a response.

## DEMAND FOR JURY TRIAL

This Paragraph recites Plaintiff's demand for jury trial, which does not require a response.

## PRAYER FOR RELIEF

Defendants deny the allegations in the Prayer for Relief, including each subpart, and deny that Plaintiff is entitled to any relief of any kind against Defendants on the claim alleged against them in the Amended Complaint.

DEFENDANTS EDDINGS' AND WEST'S ANSWER TO AMENDED COMPLAINT
Case: 19-cv-01447-WHO                    -22-

## **DEFENDANTS' AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that they would not otherwise bear, Defendants assert the following separate and individual affirmative defenses, all of which are pleaded in the alternative:

### **First Affirmative Defense**

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### **Second Affirmative Defense**

Plaintiff failed to exhaust all administrative remedies as required by the Prison Litigation Reform Act and other applicable law.

### **Third Affirmative Defense**

The Supreme Court's ruling in *Ziglar v. Abbasi,* 137 S. Ct. 1843 (2017), bars Plaintiff's *Bivens* action against Defendants.

### **Fourth Affirmative Defense**

Defendants' acts and omissions at issue in this action are protected by the doctrine of qualified immunity.

### **Fifth Affirmative Defense**

The acts of agents or employees of the United States acting within the scope of employment were justified.

### **Sixth Affirmative Defense**

Defendants performed all duties owed to Plaintiff under the law and therefore have not breached any duty owed to Plaintiff.

### **Seventh Affirmative Defense**

Plaintiff has not been injured or damaged as a proximate result of any act or omission for which Defendants are responsible. Plaintiff's alleged damages, if any, are the result of the acts, errors, and omissions of third parties not controlled by Defendants, and those third parties were the sole cause of any such damages.

**Eighth Affirmative Defense**

Plaintiff's damages, if any, were caused by the negligence and/or acts or omissions of parties other than Defendants, whether or not parties to this action. By reason thereof, Plaintiff's damages, if any, as against Defendants, should be reduced by the proportion of fault attributable to such other parties and, to the extent that this is necessary, Defendants may be entitled to partial indemnity from others on a comparative fault basis.

**Ninth Affirmative Defense**

Plaintiff's damages, if any, were caused by the primary negligence and/or acquiescence in the acts and omissions alleged in the Amended Complaint by Plaintiff. By reason thereof, Plaintiff is not entitled to damages or any other relief whatsoever as against Defendants.

**Tenth Affirmative Defense**

Plaintiff waived any right she may have had to recover, and/or is estopped from recovering, any relief sought against Defendants.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by lack of injury or damages, whether actual, presumed, or otherwise.

**Twelfth Affirmative Defense**

Plaintiff's alleged damages, if any, are not compensable to the extent they are speculative or uncertain.

**Thirteenth Affirmative Defense**

Plaintiff's Amended Complaint fails to allege facts sufficient to merit a recovery of punitive damages.

**Fourteenth Affirmative Defense**

Plaintiff is barred in whole or in part from prosecuting the purported causes of action outlined in the Amended Complaint by the Doctrine of Laches.

## RESERVATION OF DEFENSES AND AFFIRMATIVE DEFENSES

Defendants reserves the right to assert and rely on any additional defenses and affirmative defenses that may come available or apparent, and to amend its answer and/or defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that judgment be entered dismissing the claim against Defendants with prejudice, that Plaintiff takes nothing by virtue of the Amended Complaint, and that Defendants be awarded their fees and costs and such other relief as the Court deems just and proper.

Dated:  September 14, 2020

Respectfully submitted,

 */s/ Stuart C. Plunkett*
STUART C. PLUNKETT (SBN 187971)
stuart.plunkett@alston.com
TINA V. NGO (SBN 324102)
tina.ngo@alston.com
**ALSTON & BIRD LLP**
560 Mission St., Suite 2100
San Francisco, CA 94105
Telephone: 415-243-1000
Facsimile: 415-243-1001

*Counsel for Defendants*
*Joel Eddings and Bruce West*

DEFENDANTS EDDINGS' AND WEST'S ANSWER TO AMENDED COMPLAINT
Case: 19-cv-01447-WHO                                                  -25-

## **CERTIFICATE OF SERVICE**

I, Stuart C. Plunkett, hereby certify that on September 14, 2020, I electronically filed the above document with the U.S. District Court for the Northern District of California by using the CM/ECF system.  All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.


Dated: September 14, 2020                    */s/ Stuart C. Plunkett*
                                             Stuart C. Plunkett

                                             *Counsel for Defendants*
                                             *Joel Eddings and Bruce West*

DEFENDANTS EDDINGS' AND WEST'S ANSWER TO AMENDED COMPLAINT
Case: 19-cv-01447-WHO                    -26-